[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Steven Garrett appeals from his conviction of Aggravated Trafficking following a jury trial. He was duly sentenced on May 12, 1997 and timely filed his appeal.
Because we find the evidence presented to the jury at trial was admissible and was sufficient to support the inference of guilt which the jury obviously drew, the judgment will be affirmed.
On appeal, represented by counsel, Garrett presents two arguments which we will construe as assignments of error. His first contention is that the trial court erred in overruling his motion to suppress evidence. The facts of this case and the court's reasoning are sufficiently sent forth in the decision by the Hon. Patrick J. Foley overruling the motion to suppress, which we herein adopt and approve as our own, as follows:
 Defendant was indicted for Aggravated Trafficking in Cocaine. Defendant moved to suppress all tangible evidence and statements after he was arrested on July 24, 1995.
 FACTS
 Dayton Police received a telephone message from a confidential informant to the effect that a man named Steven Garrett was en route to Dayton on a bus from New York City, carrying four ounces of heroin. The informant described the man's physical appearance.
 At the Dayton bus terminal, Sergeant Warren watched passengers departing from the bus. Defendant matched the description he had been given, so he followed him into the lobby. The man continued out onto Fifth Street and walked at a fast pace toward Main Street. The only luggage he had was a carry-on bag. Warren and the other officers lost sight of him at Main Street, and suspected he had boarded an R.T.A. bus. They followed one bus north, then turned and went south. At Washington Street, they saw a man resembling the one who left the bus on Washington Street. They drove closer to him and realized that he was the same man.
 Sergeant Warren asked if he could look in the bag, received permission, looked in the bag, and found no contraband. He did find a bus ticket from New York City to Dayton, supporting the belief that this was the same man who got off the bus. When asked for identification, the man gave an identification card (from the Dayton Human Rehabilitation Center) indicating he was Steven Garrett.
 Detective Lubonovic checked to see if the man had a warrant and found that he did. So he was arrested on the warrant.
 While Garrett was taken to jail, other officers searched an alley near Washington Street, just in case Garrett had abandoned any contraband. They found a paper bag which contained a substance that looked like drugs, which later proved to be heroin. The police replaced that bag with a decoy bag, and set up surveillance on the location. When Garrett was released from jail, he returned to the scene and searched the shrubbery for the bag and found the decoy bag. He threw it away, and began running and was caught by an officer. He was arrested for having the heroin.
 ANALYSIS
 Contrary to the Defendant's contention, the police had reasonable grounds to follow Defendant from the bus terminal. He matched the physical description of a six-foot, thin, medium skin black male. The request to search the bag was not unreasonable, since this man resembled the bus passenger who had been reported to be carrying heroin. Even if this request had been improper, the search of the alley was justified as part of investigating whether this man had discarded contraband. Defendant has no grounds to object to that search, which led to finding the heroin. The search of the alley was separate from searching his carry-on bag, and did not occur because of anything they learned in the detention of him on Washington Street. The man resembled the man described by the confidential informant, and the man who left the bus and walked rapidly away from the bus terminal. The drugs found in the nearby alley and the result of the trap using the decoy bag were not the product of an illegal search. Garrett's arrest on the warrant did not affect the investigation in the alley.
The motion to suppress is OVERRULED.
It is clear from the evidence that the initial conduct by the police with Garrett is what we have recognized many times to be a "consensual" encounter. See, e.g., State v. Retherford (March 16, 1994), Mont. App. CA 13987, unreported. Furthermore, Garrett consented to the search of his bag (Tr. 216) which led to his proper arrest on the grounds that a warrant was outstanding for him.
While not mentioned in Judge Foley's decision, Garrett also sought to suppress a statement he made when he was apprehended after he picked up and, upon seeing the officers, threw away the decoy bag and ran. Upon being tackled by an officer, Garrett, before anyone had asked him any questions, loudly exclaimed "I knew I shouldn't come back. I knew. I knew." (Tr. 408). Custodial interrogation had not even begun at this point and it is obvious therefor that Miranda is not an issue in this regard. The first assignment of error is overruled.
In Garrett's second "assignment of error" he argues that the evidence before the jury was all circumstantial and constitutionally insufficient to sustain his conviction. This argument was made to the trial court before the trial when Garrett filed a motion to dismiss his indictment arguing that the facts presented at the suppression hearing, which would presumably be presented to a jury at trial, offer only inferences "by circumstantial evidence" that he possessed the bag of drugs and put them into the bushes before he was stopped and searched prior to his arrest on the outstanding warrant. The trial court succinctly and properly overruled the motion to dismiss in an order entered prior to trial, which we also hereby approve and adopt as our own:
 Defendant moved to dismiss this indictment because he says that the State cannot prove his guilt beyond a reasonable doubt. He states that there is no direct evidence that he ever possessed heroin on the date in question, and no inference may be made by a jury from facts that he came to the location where the police found heroin in the alley, and picked up a decoy bag containing the drug.
 In this case, the State offered evidence at the hearing on the Motion to Suppress that:
 1) a person arriving in Dayton from New York City would have heroin in his possession;
 2) Defendant matched the description of the person who would arrive on the bus from New York City;
 3) Defendant was seen shortly after that in the area near Chaminade-Julienne High School;
 4) police found a bag of heroin in bushes in an alley in the same area;
 5) later in the day, Defendant went to the alley and retrieved a "decoy bag" placed by the police.
 Those facts, if proven beyond a reasonable doubt at trial, can support a reasonable inference that Defendant placed the bag of heroin in the bushes in the alley. Conversely, a jury could also determine not to make that inference, and could conclude that Defendant went to the alley because someone else put it there and told him where it was. But there is no requirement that evidence be irreconcilable with any reasonable theory of innocence, to support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259.
The Motion to Dismiss is OVERRULED.
The jury certainly had sufficient facts before it to draw a reasonable inference that Garrett at one time possessed the contraband and that his return to the bushes where the bag had been hidden and the recovery of the decoy bag "were not incredible coincidences", as appellee states in its brief. Garrett's argument that the direct facts could support another inference, one where Garrett is not guilty, did not have to be accepted by the jury. A verdict supported solely by circumstantial evidence is not invalid in Ohio. State v. Jenks (1991), 61 Ohio St.3d 259.
The second "assignment of error" is overruled and the judgment is Affirmed.
FAIN, J., and GRADY, J., concur.
Copies mailed to:
Steven J. Ring
Douglas C. Hahn
Hon. Patrick J. Foley